THE STATE, JAMES CARROLL, PROSECUTOR, v. THE VILLAGE OF IRVINGTON.

1. It is the duty of the Essex Public Road Board to relay all curbing and flagging which may be taken up by said board in improving or widening the roadway in the village of Irvington. The sidewalks otherwise are under the control of the village of Irvington.

2. The notice to the land-owner to elect to do the work for himself, under the law of 1874 (*Pamph. L., p.* 623, § 33) is to be fixed by ordinance, and having been given in accordance with the ordinance, it is sufficient.

On *certiorari* to remove an ordinance of the village of Irvington.

Argued at November Term, 1887, before Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *J. Frank Fort.*

For the defendant, *C. W. Riker.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The object of this proceeding is to test the validity of an ordinance of the village of Irvington, passed August 4th, 1887, in relation to sidewalks, and the contract made under it, in the flagging of Springfield avenue.   The attack upon the ordinance is made upon the radical ground of a want of power to pass it.

The act incorporating the village of Irvington (*Pamph. L.* 1874, *p.* 630, § 14, *subd.* 5) expressly gives the board of trustees of the village power to curb, grade and pave sidewalks. Section 27 provides that the trustees shall have exclusive control of streets, sidewalks, crosswalks, &c. (except such as shall be under the control of the Essex Public Road Board).

The scope of the exception will be found by reference to the laws of 1870.   *Pamph. L., p.* 181, § 4.

By that section the Essex Road Board is given control over Springfield avenue, to determine the width of the carriageway and of sidewalks, and to relay in proper place, so as to conform to said road board plans, all curbing and flagging. said road board shall take up in constructing said avenue, but the local authorities are to curb and flag the other sidewalks which it shall be proper to curb and flag.

All the power the road board has in this respect is to relay all curbing and flagging which may be taken up in improv-

ing or widening the roadway. The sidewalks otherwise are under the control of the village of Irvington.

The work provided for by the ordinance in this case is not such work as is authorized or required to be done by the road board, but is wholly within the control of the municipality. The act of 1884 (*Pamph. L.*, p. 210) relates to township committees, and does not affect this proceeding.

The point is made that due notice was not given to the relator to enable him to elect to do the work for himself, under the law of 1874. *Pamph. L.*, p. 623, § 33. The ordinance as passed gave the owner of lands thirty days after its passage in which to elect to put down the flagging. Notice to make his election was served on the relator on the same day the ordinance was passed. The seventeenth section of the act of 1874 requires an ordinance to be posted two weeks before it takes effect, and therefore the relator insists that notice to elect could not lawfully be served until the expiration of that time. The act of 1874 does not fix the time within which election must be made; that is fixed by the ordinance. The time given by the ordinance is thirty days after the passage of the ordinance. The ordinance was passed August 4th, 1887, and the prosecutor has had the full time thereby given to him in which to make his election.

There is no error in the proceedings certified. The writ of *certiorari* should be dismissed, with costs.